IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST    )
FROM SPAIN                 )
IN THE MATTER OF           )    Misc. No. 06-
ANATOLIA ENTERPRISES       )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Spain. The translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Spanish authorities who are investigating a case of alleged money laundering.

EVIDENCE SOUGHT:

The Spanish authorities seek information from a corporation that resides in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a)  The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989). The letter of request in this case shows that the information sought is for use in such proceedings in Spain and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority

to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte,* and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

BY: /s/ Richard G. Andrews
     Richard G. Andrews
     Assistant U.S. Attorney
     Delaware Bar I.D. No.2199
     1007 N. Orange Street
     Wilmington, DE  19801
     (302) 573-6277

Dated: 10/10/06

JUZGADO CENTRAL DE INSTRUCCIÓN Nº 5
[CENTRAL COURT FOR COMMITTAL PROCEEDINGS NO. 5
GARCIA GUTIERREZ S/N
MADRID

Diligencias Previas: 246/02-P
[Pre-trial proceedings 246/02-P]

MR FERNANDO GRANDE-MARLASKA GÓMEZ, JUDGE AT THE
CENTRAL COURT FOR COMMITTAL PROCEEDINGS NO. FIVE AT THE
*AUDIENCIA NACIONAL* [HIGH COURT OF JUSTICE] IN MADRID (SPAIN).

TO THE RELEVANT AUTHORITIES IN THE UNITED STATES OF
AMERICA

I present my compliments and have the honour to inform you that pre-trial proceedings *Diligencias Previas* 246/2002 are being conducted before this Court because of a fund-laundering offence. The issuing of this **ROGATORY COMMISSION** was ordered on 29 July 2005.

### FACTS

**UNIQUE.-** This proceeding is being followed against Laureano Oubiña Piñeiro, Jose Piñeiro Nogueira, Amancio Costa Alvarez, Fernando Inda Juanena, Tiziana Cardearelli, Jorge Oubiña Carro Horacio Cacabelos Rey, Celia Collado Cespon, Jonathan Oubiña Carro, Octavio Casanova Escorihuela, Benito Dios Pomares, Jose Antonio Lemiña Losada and Javier Ruiz Cubero. The first of them was convicted as perpetrator of several drug-trafficking offences (hashish). The proceedings are conducted on the basis of the mentioned people engaging in activities aimed at laundering the proceeds of that illegal activity.

Inquiries have shown that the company "Anatolia Enterprises Co. Inc." was incorporated in order to conceal the origin of the assets that were put in that company. These assets, notwithstanding their formal ownership, are owned by Laureano Oubiña. Their origin is the mentioned drug-trafficking activity.

The facts as described could constitute a fund-laundering offence with origin in the drug-trafficking, according to art. 301 and 302 of the Spanish Penal Code. We are facing an organization whith illegal aims.

### POINTS OF LAW

**UNIQUE.-** The facts as described could constitute a **FUND-LAUNDERING OFFENCE** under articles 301 and 302 of the Spanish Penal Code, being applicable art. 374 of the very same Code.

## PLEASE TAKE THE FOLLOWING STEPS

We ask the authorities in the United States of America to take the following steps:
- The authorities shall order a prohibition of alienation of any real estate of the company "Anatolia Enterprises Co. Inc" existing in the United States. The registered office of that company is in the State of Delaware, Esq. 220 Continental Drive, Suite 209, newark, Delaware 19713, and the company was incorporated on 27 July 1993 and it was registered in the Secretary's of State Office in Delaware under the number 2346802-991090403.
- Blockage of and restraint order on the balances in the bank accounts, deposits, securities, national debt shares, contents of safe-deposit boxes and other financial assets that exist in that country and whose holder is the company "Anatolia Enterprises Co. Inc".
- The authorities shall send all the documents in respect of the company "Anatolia Enterprises Co. Inc", like the memorandum of association, the identity of the company's partners, the corporate purpose, the corporate capital, alterations of share capital, the identity of the attorneys and the managing directors.
- The authorities shall send all the documents in respect of the bank accounts and financial assets of the company "Anatolia Enterprises Co. Inc", and the lists of movements registered in those bank accounts and the financial assets.

The request of these steps to be carried out is made on the basis of the Treaty on Legal Assistance in Criminal Matters of 20 November 1990 between the Kingdom of Spain and the United States of America, which was ratified on 23 April 1993, (Spanish Official State Gazette no. 144 and 170 of 17 July 1993). A copy of this request is going to be sent through the diplomatic channel and another one is going to be sent through Interpol.

As our countries maintain a cordial relationship I hope you will order my request to be accomplished. I grant you reciprocal aid in analogical matters.

Madrid, 29 July 2005.

| THE JUDGE | THE CLERK OF THE COURT |
|---|---|
| **Mr Fernando Grande-Marlaska Gómez** | **Mrs Carmen Ventura Guerra** |
| [signed] [seal of the Court] | [signed] [seal of the Court] |

Public General Act of Parliament 10/1995, 23 November, on the Penal Code.

Section 301.

1. Any person who obtains, converts or transmits assets knowing that they stem from a serious offence, or any person who acts in order to conceal or cover up their unlawful origin or to assist the person that took part in the commission of the offence to avoid the legal consequences of his acts, shall be punished with imprisonment for a term of six months to six years and with a fine of one to three times the value of those assets.

The penalties imposed shall belong to the upper half of the scale if the assets stem from any of the offences that relate to trafficking with toxic drugs, narcotic drugs or psychotropic drugs, as described in sections 368 to 372 of this Code.

2. The same penalties shall be imposed for the concealment or covering up of the true nature, origin, location, destination, movement or rights that exist over those assets, or over the ownership, if the person knows that they stem from any of the offences that are listed in the previous paragraph or if they stem from having taken part in one of those offences.
3. If the offences have been committed as a result of gross negligence, the penalty shall be imprisonment for a term of six months to two years and a fine of one to three times this duration.
4. The culprit shall also be punished even if the offence were the assets originate from or if the acts that are punished under the previous paragraphs have been committed completely or partially abroad.
5. If the culprit obtained profits, these will be seized pursuant to the rules set out in article 127 of this Code.

Section 302

1. The prison sentence that will be imposed for any of the offences foreseen in the prior section shall belong to the upper half of the scale, if the perpetrator belongs to any organization whose purpose agrees with one of those foressen in the prior section. The prison sentence shall be of a higher grade if the perpetrator is a head of the mentioned organizations or if he is their administrator or manager.
2. In those cases the Judges will impose not only the appropriate penalty but also the culprit's specific disqualification to practise his profession for three to six years, the seizure of the goods that are the subject of the offence as well as the seizure of the products or profits that were gained directly or indirectly through the criminal act. The judges can also decree one of the following measures:

The application of any of the precautionary measures set out in article 129 of this Code.

The loss of the possibility to receive any grants or public payments as well as the loss of the right to receive abatements or incentives from the Treasury or from the Social Security, during the period of the highest loss of liberty penalty that has been imposed.

Section 374.

1. In the offences envisaged by sections 301.1, second paragraph, and 368 to 372, apart from the appropiate penalties that will be imposed because of the committed offence, the dangerous drugs, narcotics or psychotropic substances, equipments, materials and substances referred to the sections 371 will be object of seizure, as well as the goods, means, instruments and profits according to what section 127 of this Code and the following special rules dispose:

The drugs, narcotics and psychotropic substances will be destroyed by the administrative authority under whose custody they are, once the appropriate analitic reports have been made and enough samples have been kept, unless the relevant judicial authority orders their total preservation. Once the judgement is final, they will proceed to destroy the samples which have been set aside, or to destroy all that were seized, in case the relevant judicial body ordered their preservation.

In order to guarantee the effectiveness of the seizure, the goods, means, instruments and profits can be seized or attached and laid in bond by the judicial authority, from the moment of the first procedural steps.

The judicial authority can agree during the proceedings, with due guarantees for its preservation, that the seized object, if it is of lawful trade, can be used provisionally by the Criminal Investigation Department in charge of the unlawful drug trafficking suppression.

If, due to any circumstance, the seizure of the goods and pointed effects in the above-mentioned paragraph is not possible, it will be able to agree the seizure of other goods and effects of equivalent value.

Were the goods, means, instruments and profits of the offence had disappeared of the patrimony of the alleged responsible people, it will be able to agree the seizure of their value on other different goods, even of lawful origin, belonging to the responsible ones.

2. The seized goods will be able to be alienated without having to wait for the sentence to be pronounced definite, in the following cases:

If the owner expressly abandons them.

If their preservation can be dangerous to the public health or safety, or cause an important decrease of their value, or seriously affect their normal use and functioning. It is understood that this includes the goods that without suffering any material deterioration depreciated due to the course of time.
If this is the case, the judicial authority will order the alienation, either ex officio or at the behest of the Prosecutor's Office, the Treasury Counsel or the Counsel for the Regional Communities, local entities or other public entities, once it has heared the interested person.

The alienation amount, which will be paid in any of the legally foreseen ways, will be deposited as a result of the relevant legal procedure, once the caused expenses of what nature whatsoever have been discounted.

3. In the offences referred in the previous paragraph, the judges and courts that hear the case will be able to declare the annulment of legal acts by virtue of which the real ownership or the rights relating to the goods and effects pointed in the previous paragraphs were transmitted, charged or modified.

4. The goods, means, instruments and profits finally seized by the sentence, wich neither will be able to be applied to the satisfaction of the civil liabilities derived from the offence nor from the legal costs, will be adjudicated entirely to the State.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST )
FROM SPAIN )
IN THE MATTER OF ) Misc No. 06-
ANATOLIA ENTERPRISES )
                              ORDER

  Upon application of the United States of America; and upon examination of a letter of request from Spain whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Spain and the Court being fully informed in the premises, it is hereby

  **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Spanish authorities as follows:

  1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

  2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

  3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Spain, which procedures may be specified in the request or provided by the Spanish authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Spanish authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2006.


_____
United States District Court Judge